## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Criminal No. 07-152-01 (ESH)** |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY MARCUS SUGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO SUPPRESS GLOVER TRUCK BUG EVIDENCE
*(Sugg's Pretrial Motion #2)*

The Defendant, Anthony M. Suggs, by and through his attorney, Patrick M. Donahue, moves this Honorable Court, pursuant to Fed.R.Cr.P. 12, to suppress as evidence against him any and all tangible and intangible evidence obtained by law enforcement as a result of the issuance of an eavesdropping device for the Lonnell Glover truck, as such evidence was obtained in violation of Title III of the United States Code. In support of this Motion the Defendant submits the attached Memorandum of Points and Authorities.

**WHEREFORE**, for the reasons stated in this Motion, the attached Memorandum, and any others that may become apparent at the hearing on this Motion, the Defendant requests that the Court Order that all tangible and intangible evidence obtained by the Government as a result of the issuance of the order authorizing interception of conversations in and around the Glover truck on March 20, 2007, April 18, 2007 and May 18, 2007, be suppressed, and order such other relief as the Court may deem proper and necessary.

Respectfully submitted,

**THE DONAHUE LAW FIRM**

By: _____

Patrick M. Donahue, Esquire
D.C. Bar No. 358184
18 West Street
Annapolis, Maryland 21401
Telephone:  410-280-2023

Attorney for Defendant, Anthony M. Suggs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January, 2008, that this Motion to Suppress Glover Truck Bug Evidence and attached Memorandum of Points and Authorities was served on all parties by the electronic filing system of the United States District Court for the District of Columbia.

_____
Patrick M. Donahue

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 07-152-01 (ESH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ANTHONY MARCUS SUGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

I.      FACTS

1.      The superseding indictment jointly charges the five Defendants who remain in the case, Anthony Maurice Suggs,  James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee and Helery Price, with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one kilogram or more of PCP, and individual miscellaneous counts.  The case is also related to another case, *United States v. Lonnell G. Glover*, Crim. No. 07-153, which charges some 19 defendants with one count of narcotics conspiracy involving the distribution and possession with intent to distribute of one kilogram or more each of PCP and heroin, and related counts.

2.      The indictment is based, in part, upon evidence obtained as a result of eleven court orders authorizing electronic surveillance; in fact, these orders resulted in over 1,800 hours of interceptions with over 34,000 "activations." Such Orders were issued as follows:

January 9, 2007 wiretap on Sugg's Cellular Telephone

February 7, 2007 first extension of wiretap on Sugg's Cellular Telephone

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

February 9, 2007 wiretap on Glover's Cellular Telephone

March 9, 2007 second extension of wiretap on Sugg's Cellular Telephone

March 9, 2007 first extension of wiretap on Glover's Cellular Telephone

March 19, 2007 bug of Glover's Truck

April 5, 2007 second extension of wiretap on Glover's Cellular Telephone

April 19, 2007 first extension on bug of Glover's truck

April 30, 2007 wiretap on Velma Williams' Cellular Telephone

May 4, 2007 third extension of wiretap on Glover's Cellular Telephone

May 18, 2007 second extension on bug of Glover's Truck

   3. It is the three surveillance orders concerning the eavesdropping device (hereinafter "Truck Bug") planted in the truck of Lonnell Glover, the initial authorization and two extensions, dated March 19, April 19, and May 18, 2007 respectively, that are the subject of the instant Motion to Suppress. The defendant Suggs was intercepted while engaged in conversation with Lonnell Glover in the Glover Truck.

   4. The Application for the Truck Bug, which references the Affidavit from Special Agent Pardee, set forth the probable cause to believe that federal drug offenses were occurring and that Glover, Suggs and others were involved. It also set forth the objectives of the wiretap, that is to secure evidence as follows:

   (i) the nature, scope, extent and methods of operation of the narcotics trafficking activities in which the targeted subjects and others as yet unknown or not yet fully identified are engaged;

   (ii) the methods of operation and procedures of the targeted subjects including, but not limited to, the means and manner by which individuals are obtaining and

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

4

redistributing large quantities of PCP, cocaine and cocaine base, also known as crack cocaine, in various locations in the United States;

(iii)     the identities, roles, and telephone numbers of co-conspirators, accomplices, aiders and abettors and other participants in such illegal activity;

(iv)     the source of money and controlled substances, primarily PCP, cocaine and cocaine base, also known as crack cocaine;

(v)     the manner in which these illegal activities are being conducted, including the distribution and possession of said controlled substances and transfer of the contraband and money involved in those activities;

(vi)     the existence and location of apartments, residences, businesses and other premises used in the furtherance of the illegal activity;

(vii)     the methods of operation for laundering proceeds of illegal drug sales;

(viii)     the existence and location of records of the illegal activity;

(ix)     the existence, location and source of resources used to finance the illegal activity;

(x)     the existence, location and disposition of proceeds from the activity;

(xi)     the existence and location of any other items or means used in furtherance of those activities;

(xii)     the dates, times, and details for the continued commission of the above-mentioned offenses; and

(xiii)     other evidence necessary for successful prosecution and conviction of the above-described criminal activity. In addition, the communications are expected to constitute admissible evidence of the commission of the above-described offenses.

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

5.     As justification for issuance of the listening device, the Affidavit represents that:

"44.     Based upon the experience and training of your affiant, as well as the experience of other agents and law enforcement officers consulted, and based upon all the facts set forth herein, *your affiant believes that interception of oral communications in and within the vicinity of the target vehicle is the only reasonable method of developing evidence of the full scope of the suspected violations being committed by Lonnell George Glover*. This is because normal investigative procedures have been tried and have failed, appear reasonably unlikely to succeed if attempted or continued, or are too dangerous to further employ in this investigation. *Normal investigative procedures that have been employed in this investigation to date have included: surveillance; debriefings of cooperating witnesses; consensual recording of telephone conversations; controlled purchases of narcotics; review of pen register records for the target telephone number and the former target telephone; and review of public records.* While this information has been probative in establishing probable cause that an ongoing illegal narcotics business is operating, it has not yielded sufficient evidence or ascertained the identities of, and proven beyond a reasonable doubt the guilt of, all those participants in this illegal conspiracy. This includes the persons who supply and assist in the transportation of the narcotic controlled substances, and the distribution of proceeds from these illegal activities.

45.     Based upon your affiant's training and experience, and based on your affiant's knowledge of the facts of this investigation as set forth herein, *it is your affiant's belief that the interception of oral communications is the only available investigative technique* that has a reasonable likelihood of revealing and of securing admissible evidence needed to establish the full scope and nature of the offenses being investigated." (See March 19, 2007 Affidavit.)

6.     The Application specifically omits reference to the then existing, in place and active March 9, 2007 second extension of wiretap on Suggs cellular telephone and the March 9, 2007 first extension of wiretap on Glover's cellular telephone. That portion of the Application reads as follows:

" . . . The attached Affidavit contains a full and complete statement of facts concerning all previous applications which are known to have been made to any judge of competent jurisdiction for approval of the interception of the oral, wire or electronic communications of any of the same individuals, facilities, or premises specified in this Application. *Other than the January 8, 2007, February 7, 2007 and February 9,*

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

6

*2007 Applications to this Court, the applicants are aware of no previous applications made to any judge for authorization to continue to intercept the wire or oral communications* of any of the persons or involving the facilities specified in this application, except the applications referenced in the affidavit."

## II.   LAW

1.      The Federal Wiretap Statute, enacted in Title III of the Omnibus Crime Control and Safe Streets Act of 1968, is codified at 18 U.S.C. §§ 2520 through 2520. Section 2518 (10)(a), which authorizes "aggrieved persons" to move to suppress both the contents of the intercepted communications and the evidence derived therefrom, provides in pertinent part:

> Any aggrieved person in a trial, hearing, or proceeding before any court, department, officer, agency, regulatory body, or other subdivision thereof, may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that:
>
> (i)     the communication was unlawfully intercepted;
> (ii)    the order of authorization or approval under which it was intercepted is insufficient on its face; or
> (iii)   the interception was not made in conformity with the order of authorization or approval.

2.      An "aggrieved person" includes a party or participant to the intercepted wire communications, as well as the person on whose premises the intercepted conversation occurred. *See, Alderman v. United States*, 394 U.S. 165, 174 (1969).  Defendant Suggs was a participant in numerous conversations on the Truck Bug.  Thus Defendant Suggs is an "aggrieved person" under 18 U.S.C. 2518 (10)(a), and each has standing to challenge the evidence from the wiretap.

3.      The Fourth Amendment to the Constitution provides that "the right of people to be secure . . . against unreasonable searches and seizures . . . shall not be violated." The Supreme Court, in *Berger v. New York*, 388 U.S. 42 (1967), struck down a

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

7

New York statute which provided for the issuance of a warrant for eavesdropping merely upon oath that there was reasonable grounds to believe that evidence of a crime may be obtained. In finding the statute violated the Fourth and Fourteenth Amendments to the United States Constitution, the Court observed that, "(t)he broad sweep of the statute is immediately observable and such a requirement raises a serious probable cause question under the Fourth Amendment." *Id.* at 54-55. The Court concluded that the New York statute constituted little more than a general warrant to seize any and all conversations of the named persons whose communications were to be intercepted and established. *See, Id.* Thus, because of these Fourth Amendment considerations, the probable cause bar for wiretap seizures of telephone conversations is a high one.

4. It is noteworthy that the Supreme Court has observed that in enacting Title III, Congress did not expect that electronic surveillance would be routinely used when traditional investigative techniques were sufficient to expose illegal activity. *See, United States v. Kahn*, 415 U.S. 143, 153 n.12 (1974). Indeed, for a time it was allowed only in extraordinary circumstances. *See, Dalia v. United States*, 491 U.S. 238 (1979); *See also, United States v. Clerkly*, 556 F.2d 709 (4th Cir. 1973).

5. Title III requires the application to demonstrate, and the judge to find as a matter of fact, that less intrusive investigative procedures, "have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." See 18 U.S.C.A. §2518(1)(e) (application); 18 U.S.C.A. §2518(3)(c) (order). The Government must generally consider first less intrusive means of gathering information on suspects. *U.S. v. Castillo-Garcia*, 117 F.3d 1179 (10th Cir. 1997). This is often referred to as the "necessity" requirement. The remedy for failure to make such a demonstration is

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

8

suppression; that is, if the application fails to provide a sufficient "statement" concerning

the inadequacy of the use of other investigative procedures, the order based upon such an

application is invalid and the evidence obtained as a result should be suppressed.  See *U.S.*

*v. Castillo-Garcia*, 117 F.3d 1179 (10th Cir. 1997); *U.S. v. Rice*, 478 F.3d 704, 710-711,

2007 FED App. 0088P (6th Cir. 2007); *U.S. v. Simpson*, 813 F. 2d 1462, 1471-1473 (9th

Cir. 1987; *U.S. v. Ailemen*, 986 F. Supp. 1228 (N.D. Cal. 1997); *U.S. v. Ramirez-*

*Encarnacion*, 291 F.3d 1219, 1222 (10th Cir 2002); *U.S. v. Cao*, 471 F.3d 1, 3 (1st Cir

2006); *United States v. Lopez*, 300 F.3d 46, 52 (1st Cir. 2002). The necessity requirement

applies with equal force to extensions of wiretaps as to their initial authorization.  *U.S. v.*

*Gonzalez, Inc.* 412 F.3d 1102, 1115 (9th Cir. 2005).

6.      A mere boilerplate reiteration of difficulty of gathering usable evidence is

not sufficient for authorizing electronic surveillance. *See, United States v. McKinney*,

785 F.Supp. 1214 (D.Md, 1992). Moreover, the application must affirmatively

demonstrate normal investigative measures will not succeed or have not succeeded in

the particular case at hand. *United States v. Robinson*, 698 F.2d 448 (D.C. Cir. 1983) (*per*

*curium*). *Accord, United States v.* Blackmon, 273 F.3d 1204 (9th. Cir. 2001). *See also,*

*United States v. Simpson*, 813 F.2d 1462 (9th. Cir. 1987); *cert. denied*, 484 U.S. 898

(1987).   Moreover, the application must accurately inform the judge as to the extent to

which the goals had been achieved by existing efforts in place. See *U.S. v. Ailemeen*,

386 F.Supp. 1228, 1234 (N.D. Cal. 1997).  This is obviously a fact specific determination;

*See, United States v. Carneiro,* 861 F.2d 1171 (9th Cir. 1988) (wiretap application satisfied

necessity requirement as to one defendant, but not to two others.)

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

### III.    ARGUMENT

1.    In the instant matter Defendant Suggs asserts that the Application submitted by the Government failed to make the required demonstration of necessity.[1] The government did not accurately represent to the court the existence of the very intrusive wiretaps then in place, it ignored the relative success of such wiretaps already in place which were then being used in conjunction with the traditional law enforcement techniques, and on careful examination it is apparent that the purported purposes or goals of the Truck Bug were no more likely to be accomplished by the Truck Bug than by the Glover cellular telephone wiretap already in place. In short, the Government's demonstration in its Application that less intrusive procedures have been tried and failed or were unlikely to succeed was, as it turns out, cursory, incomplete, and inaccurate. Therefore, the resulting interceptions arising from the Truck Bug and evidence derived from such intercepts should be suppressed.

2.    With regard to the accuracy of the representations in the Application, there is no question that the Application does not reference the extensions then in place, the March 9, 2007 extension of the Suggs wiretap and the March 9, 2007 extension of the Glover phone tap. The very existence of those wiretaps alone make exceedingly unlikely the need for an even greater intrusion with the use of a 24 hour seven day a week Truck Bug. The failure to reference the March 9, 2007 Applications, presumably inadvertent, is still a material omission as it fails to alert the Court that just 10 days earlier an Application was filed and approved by the Court authorizing two separate cellular telephone wiretaps essentially for identical reasons

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[1] With regard to probable cause for the initial Truck Bug and subsequent extension, Suggs adopts and incorporates by reference herein all arguments challenging existence of probable cause for issuance of the Suggs cellular telephone wiretap extensions which were articulated in his prior Motion to Suppress and Reply to Government Opposition filed in this matter as such arguments are equally applicable here.

as set forth in the Application then before the Court.  Moreover, in the accompanying Affidavit the representation is made that traditional methods have been tried and failed and appear unlikely to succeed; those methods were described to include surveillance; debriefings of cooperating witnesses; consensual recording of telephone conversations; controlled purchases of narcotics; review of pen register records for the target telephone number and the former target telephone; and review of public records.  See Paragraph #44, Affidavit of March 19, 2007.  Absolutely no reference is made in that paragraph to the Suggs or Glover cell taps. Based on those representations the Government avers that use of the Truck Bug, that is, *interception of oral communications in and within the vicinity of the target vehicle is the only reasonable method of developing evidence of the full scope of the suspected violations being committed by Lonnell George Glover.*  Yet,  two weeks earlier in the March 9, 2007 Affidavit (page 44 paragraph #53), the government advised the Court, in regard to the extension of the Glover cell tap, *that interception of wire communications over the target telephone is the only available investigative technique that has a reasonable likelihood of revealing and securing admissible evidence needed to establish the full scope of violations being committed...*  Indeed, following issuance of the Truck Bug, two weeks later in its April 5, 2007 Affidavit (page 43 paragraph #53) in support of the second Glover phone extension, the Government again represented in support of the extension *that interception of wire communications over the target telephone is the only available investigative technique that has a reasonable likelihood of revealing and securing admissible evidence needed to establish the full scope of violations being committed...*  The Government has taken inconsistent positions regarding the need for the Truck Bug in other papers filed with the Court and has made only vague reference to the Glover cell tap in this initial Truck Bug

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Application and no reference in these particular and critical paragraphs of the Affidavit to the existence of the Glover wiretap.[2] In short, the Application presents an inaccurate, incomplete, and inconsistent statement regarding the necessity for the Truck Bug.

3.      In addition, it appears that the Government chose to ignore the relative success of the Glover and Suggs wiretaps then already in place which were being used in conjunction with the traditional law enforcement techniques.[3] The purposes of the Glover cell wiretap were clearly being achieved by the then existing procedures in place. The active cell phone wiretap on Glover had yielded precisely what the Government had desired when filing its February 8, 2007 initial request and March 9, 2007 first extension. That wiretap was again extended on April 5, 2007 and May 4, 2007 because of its success and representations of its success in the renewal applications are self-proving. In skirting its obligation to present to the court an accurate statement regarding necessity, the Government inflates the need for the Truck Bug and makes no credible showing that the Glover cell tap was anything but an extraordinary success while being used in conjunction with other traditional, and much less intrusive, methods of investigation. Given the sheer volume of telephone conversations monitored, it is no wonder that virtually the entire scope of the conspiracy is reflected on thousands of phone calls from the Glover cell tap.

4.      Finally, on careful examination it is apparent that the purported purposes or goals of the Truck Bug were no more likely to be accomplished by the Truck Bug than by the

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[2] There is never reference to the March 9, 2007 Application for the Glover cell phone wiretap in the Application and occasional passing reference to the Glover and Suggs cellular phone wiretaps in the Affidavit.
[3] Instructive in this regard would be the 15 day reports which were required to be filed with Judge Collier for each Title III intrusion. None have been produced to Counsel's knowledge and Counsel hereby requests that such reports be produced.

less intrusive Glover cellular telephone wiretap already in place.[4]  As noted above, the Glover cell tap produced to the Government's hopes and expectations.  Given that the Government was achieving the sought after results and successes, there is no basis to aver that an additional and more intrusive invasion of privacy was necessary to yield the sought after results.  Mr. Glover ran his operation on the cell phone.  It is clear he had conversations with both suppliers and customers alike.  Many of his phone conversations were recorded as part of his truck tap  because his conversations took place in the vehicle.  There was no showing, nor does there appear any basis for a showing, that the Truck Bug would accomplish more readily the purposes of the Glover cell tap then in existence.  Thus, while far more invasive, for the articulated purposes the Truck Bug, which were virtually identical to the purposes of the Glover cell tap, it was no more likely to succeed than the Glover cell tap.

Wherefore, for the foregoing reasons Mr. Suggs submits that all evidence obtained by the Government arising from the Truck Bug must be suppressed.  A hearing on this matter is respectfully requested.

Respectfully submitted,

**THE DONAHUE LAW FIRM**

By: _____
Patrick M. Donahue
D.C. Bar No. 358184
18 West Street
Annapolis, Maryland 21401
Telephone:  410-280-2023

Attorney for Defendant, Anthony M. Suggs

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[4] The stated purposes in the Applications for the Truck Bug are virtually identical to those recited in the March 7, 2007, April 4, 2007, and May 5, 2007 Glover cell tap applications.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **Criminal No. 07-152-01 (ESH)** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ANTHONY MARCUS SUGGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

HAVING READ AND CONSIDERED Defendant Anthony Sugg's Motion to

Suppress Glover Truck Bug Evidence, and all responses thereto, if any, it is this _____ day of

_____, 2008, by the U. S. District Court for the District of

Columbia,

ORDERED, ADJUDGED AND DECREED that the Motion to Suppress Glover

Truck Bug Evidence and the relief requested therein is and shall be GRANTED.

SO ORDERED.

_____
Ellen Huvelle, Judge
United States District Court for the District of Columbia

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

cc:     All counsel

14