IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | Crim. No 07-152 (ESH) |
| | : | |
| ANTHONY SUGGS, *et al* | : | |

DEFENDANT'S JOINT OBJECTIONS TO
GOVERNMENT'S PROPOSED EVIDENCE

Defendant, Helery Price, through undersigned counsel, and on behalf of all of the remaining defendants in the above case, pursuant to this Court's oral order of February 6, 2008, hereby makes the following objections to the list of exhibits proposed by the United States on its discovery computer disk dated February 1, 2008:

1. Previous Objections: This list of joint objections is not intended as a waiver of all objections based upon motions to suppress evidence and evidentiary objections which the Court has already denied. Defendants preserves such objections, but do not raise them again in this pleading. Conversely, Defendants continue their objection against admission of any intercepts from the Lonnell Glover cellphone wiretap, an objection which the Court has previously sustained.

2. Photographs Of Defendants And Coconspirators: Defendants object to the introduction of , and/or display to, the jury, of the photographs of the Defendants and unindicted coconspirators, Lonnell Glover, Julian Johnson, and Ngozi Joy, which were contained on the computer disk of discovery dated February 1, 2008. The photographs show each individual in an orange jumpsuit against a cinder block background. Not

1

only do the photographs, being all alike, create an artificial image of solidarity of appearance, but Defendants assert it will be impossible to assemble a jury in the District of Columbia on which no juror will sit who is aware of the significance of the orange jumpsuit as the dress of a jail inmate. Moreover, the photographs have no probative value whatsoever as there is no issue of identification in the case.

3. Photographs of Drugs: The computer disk of discovery dated February 1, 2008 contained several photographs of suspected drugs that were apparently obtained during "controlled buys." Some of those photographs contain charts which specifically attribute the drugs to individual Defendants. Defendants object to those photographs as hearsay insofar as they identify the individual Defendants; (Defendants do not jointly object to photographs in which no name of a Defendant appears.)

4. Glover Truck Intercepts: The government obtained authorization to intercept conversations made inside and around a truck belonging to Lonnell Glover. The Court has denied Defendant Suggs' motion to generally suppress evidence from that interception process, but left open the right of Defendants to challenge individual intercepts on other evidentiary grounds. The United States has announced its intention to use 10 interceptions, both by playing the recordings and by providing the jury with transcripts of the intercepts. The interceptions, and the speakers which the United States asserts are on the interception, are:

Activation 83 - Lonnell Glover and Christian Donaldson

Activation 91 - Lonnell Glover, Daniel Thompson, Christian Donaldson and Anthony Suggs

      Activation 129 - Lonnell Glover, Henry Brown and Dominique Glover

      Activation 151 - Lonnell Glover and Henry Brown

      Activation 186 - Lonnell Glover, Anthony Suggs and some unidentified persons

      Activation 441 - Lonnell Glover and John Crum

      Activation 604 - Lonnell Glover, Anthony Suggs and Christian Donaldson

      Activation 607 - Lonnell Glover and Anthony Suggs

      Activation 706 - Lonnell Glover and Cornell Glover

      Activation 721 - Lonnell Glover and John Wright

Defendants object on hearsay and Sixth Amendment Confrontation Clause grounds to the admission of any and all conversations that do not involve Anthony Suggs as a participant. (During several of the interceptions on which Defendant Suggs allegedly appears; his conversation with Lonnell Glover is a discrete portion of the interception.) The United States apparently contends that all statements by <u>Lonnell Glover</u> are coconspirator statements admissible under Federal Rule of Evidence 801(d)(2)(E). In order to qualify a statement made by another person as a coconspirator statement admissible against a defendant not making the statement, the Court must find by a preponderance of the evidence that the person making the statement was a coconspirator and that the statement was made during and in furtherance of the conspiracy. *United States v. Gatling* 96 F.3d 1511, 1520-1521 (D.C. Cir.1996) (citing *Bourjaily v. United States,* 483 U.S. 171, 175-76, (1987).

Moreover, there must also be independent evidence of the conspiracy apart from the statement, although the content of the statement itself can also be considered in

3

determining whether such independent evidence exists. *Id.*, (Citing *United States v. Beckham,* 968 F.2d 47, 50-51 (D.C.Cir.1992). Of all of the participants on the above interceptions only Anthony Suggs is a defendant in the indictment in this case. Early in the case, the Court signaled its unwillingness to hold a "*James* hearing," (from *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*en banc*); *cert. denied*, 442 U.S. 917 (1979), referring to a hearing held <u>pretrial</u> to determine the existence of a conspiracy and a particular defendant's involvement in the conspiracy.[1] Although Defendants disagree with Court's presumption that a single conspiracy exists, [2] they have adhered to the Court's ruling and have not challenged, as a pretrial matter, the admission of conversations <u>among</u> the <u>indicted</u> coconspirators; (they, of course, reserve the right to make such a challenge as the evidence comes in at trial.)

Lonnell Glover and the other participants on the above interceptions (except Dominique Glover) are named in a related case as coconspirators in a conspiracy of larger scope. Given the government's theory that Lonnell Glover supplied Defendant Suggs with the PCP he further distributed, however, Defendants have not challenged

---

[1] Its decision not to hold a *James* hearing does not relieve the Court of the responsibility of determining, upon objection, whether the United States has met its evidentiary burden of demonstrating that a <u>particular conversation</u> was made pursuant to a conspiracy in which the defendants not on the conversation were participants. Thus, a failure to move for a *James* hearing does not constitute a waiver by any Defendant of objections he would make to the admission of any out of court statement which he did not personally make.

[2] Defendants have proffered that eventually the evidence will not show a single conspiracy involving all of the remaining defendants; that, at best, the United States can only show that each Defendant may have had a "business" relationship with Defendant Suggs alone.

<u>pretrial</u> conversations between Lonnell Glover and Defendant Suggs.[3] (There are no apparent instances where Lonnell Glover spoke directly with any of the other named Defendants; it is unclear if Lonnell Glover and former defendant Julian Johnson had direct contact.)

Except for Defendant Suggs' alleged role as a purchaser of PCP from Lonnell Glover, the United States has proffered no evidence that any Defendant had any involvement in the larger Lonnell Glover conspiracy. Conversely, although named as unindicted coconspirators in the instant indictment, the United States has proffered no evidence that any participant in challenged interceptions, except Lonnell Glover as the alleged supplier of Defendant Suggs, had any involvement in the conspiracy charged in this case. Thus, Defendants contend that the Court cannot find that the other participants (besides Defendant Suggs) in the Lonnell Glover truck conversations were not members of the charged conspiracy.

The "in furtherance of" requirement operates as an additional limitation on what statements by coconspirators may be admitted; mere narratives of past successes and failures or "conspirator's casual comments to people outside or inside the conspiracy" are not admissible. *United States v. Tarantino*, 846 F.2d 1384, 1411-1412, (D.C. Cir. 1988); *cert. denied* 488 U.S. 867 (1988). *Accord, United States v. Haldeman,* 559 F.2d 31, 110

---

[3] Defendants would note, however, that in his Affidavit of May 18, 2007 in support of an application for a wiretap on the Glover truck, Special Agent Pardee admits (at page 37) that "it is relatively clear from interceptions on SUGGS' and GLOVER's cellular telephones that <u>SUGGS does not disclose to his customers</u> and GLOVER does not disclose to SUGGS <u>the identity of their suppliers.</u>" This would suggest that whatever the relationship between Defendant Suggs and Lonnell Glover, the other Defendants, the alleged "customers" of Defendant Suggs, had no knowledge of it, making it unlikely they would be part of the <u>same</u> conspiracy so as to allow Glover's statements to be admitted against them.

5

(D.C.Cir.1976) (en banc), *cert. denied,* 431 U.S. 933 (1977); *United States v. Snider,* 720 F.2d 985, 992 (8th Cir.1983), *cert. denied,* 465 U.S. 1107 (1984).) The conversations between Lonnell Glover and Ms. Donaldson, Mr. Brown, Mr. Thompson, Mr. Crum, Cornell Glover and Mr. Wright, most of whom were involved in Lonnell Glover's alleged heroin trafficking, did nothing to advance the conspiracy charged in this case.

5. Individual Transcript Objection: Defendant Price submits that on the transcript for Activation 2152 on the Suggs wiretap at page 10 of the government's proposed transcript, the word "except," which appears 3 times, should be "accept," and the word "bother" which appears about line 6 in the phrase "he my bother" should be "brother."

Respectfully submitted

/s/

Richard K. Gilbert
Bar. No. 939884
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C.  20004
(202) 898-0857
(202) 544-0024 (fax)
rkgesq@juno.com

Attorney for Defendant Price