UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 07-00152 (ESH) |
| ANTHONY MAURICE SUGGS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On March 13, 2008, a jury convicted Anthony Suggs of conspiracy to distribute PCP and of possession with intent to distribute in excess of 1 kilogram of PCP. The evidence presented to the jury included 2.5 gallons of PCP, which was seized during the search of Suggs's residence. The search and seizure were the subject of a motion to suppress. The Court conducted an evidentiary hearing and heard testimony from four defense witnesses and two government witnesses. The Court credited the testimony of government witness Metropolitan Police Department Officer Michael Eames, and denied the motion to suppress in a Memorandum Opinion. (*See* Dkt. 155.)

Suggs now moves for a new trial on the grounds that the government failed to turn over the videotape of an interrogation conducted by Officer Eames of Steven Price, a cooperating witness, prior to the motions hearing. (Def.'s Mot. 6.) He argues that this videotape constitutes *Brady* or *Giglio* material that was required to be disclosed prior to the evidentiary hearing and that it is "probative of Eames['s] credibility, bias, motive, and prejudice against Suggs, and his personal stake in testifying and in the outcome of the investigation he conceived." (*Id.* 8.) He further contends that the evidence of the videotape would have called Eames's credibility into

question, which would have resulted in the suppression of the seized evidence. (*Id.*)

The Court disagrees. The government has an affirmative duty to disclose material evidence favorable to a criminal defendant, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963), which extends to evidence that could be used to impeach the credibility of a witness. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The Court has reviewed the videotape in question and disagrees with Suggs's generalized assertion that it contains information that is favorable to Suggs or that it could be used to impeach Eames's credibility. Contrary to Suggs's position, the videotape does not demonstrate that Eames used "aggressive" or improper interrogation tactics on Steven Price, nor does the tape suggest in any way that Eames was biased or prejudiced against this defendant. The only specific statements in the videotape that Suggs cites in support of his motion were suggestions made by Eames that Price's willingness to cooperate could affect his treatment. These statements could be used to impeach Price's credibility had he testified, but do not reflect on Eames's credibility.[1]

Moreover, even if the tape could somehow have been used for impeachment, to prevail on his *Brady* claim, Suggs must still demonstrate that there is "a reasonably probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999). Given that the Court has viewed the videotape and finds it irrelevant to the credibility of Eames's testimony at the suppression hearing, Suggs cannot meet this burden. *See United States v. Johnson*, 519 F.3d 478, 488 (D.C. Cir. 2008) ("The defendant bears the burden of showing a reasonable probability of a different

---

[1] The Court did order the videotape produced under *Giglio* because it contained information that could have been used to impeach Steven Price's credibility, however, Price ultimately did not testify at trial.

outcome."). Suggs's motion for a new trial will be therefore be **DENIED**.[2]

**SO ORDERED**.

                                                                          *Ellen S Huvelle*
                                                                          ELLEN SEGAL HUVELLE
                                                                          United States District Judge

Date:   July 17, 2008

---

[2] Suggs also seems to argue that the videotape should have been disclosed as *Jencks* material. The Jencks Act provides for the disclosure of witness statements which "relate[] to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). This interrogation occurred over two and one half years prior to the search of Suggs's home and had no bearing on any direct examination of Eames.