UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 0 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) Criminal No. 07-00152 (ESH)<br>) |
| ANTHONY MAURICE SUGGS, *et al.*, | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Defendant Anthony Suggs has moved to suppress all evidence resulting from the bug that was placed in the truck belonging to Lonnell G. Glover. Defendant argues that the government failed to demonstrate "necessity" to monitor the interceptions as required by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et. seq.* (the "Wiretap Act"). For the reasons stated herein, defendant's motion will be denied.

### BACKGROUND

Defendants Anthony Maurice Suggs, James Lawrence Parker, Ernest Milton Glover, Glendale Earl Lee, and Helery Price have been charged in a Superseding Indictment (the "Indictment."). The Indictment alleges that from sometime on or around August 1, 2005, and continuing until at least June 11, 2007, defendants and others conspired to possess with intent to distribute large quantities of PCP in the District of Columbia, Maryland, Georgia, Missouri, California, and elsewhere. This investigation also resulted in a second related indictment in *United States v. Lonnell G. Glover*, Crim. No. 07-153, which now charges 16 defendants in a superceding

1

indictment with one count of conspiracy involving the distribution and possession with intent to distribute one kilogram or more of PCP and heroin and thirteen substantive drug and gun offenses against several individual defendants.

The *Suggs* Indictment charges all defendants with Conspiracy to Possess with Intent to Distribute One Kilogram or More of Phencyclidine, in violation of 21 U.S.C. § 846. There are also five substantive counts against individual defendants. Defendant Ernest Glover is charged with Unlawful Possession with Intent to Distribute Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Defendant Suggs is charged with Unlawful Possession with Intent to Distribute One Kilogram or More of Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv); and two counts of Unlawful Distribution of Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Defendant Parker is charged with Unlawful Distribution of Phencyclidine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The Indictment also includes a Forfeiture Allegation against all defendants.

Much of the evidence in this case was gathered through electronic surveillance conducted pursuant to eleven court orders issued by the Honorable Rosemary M. Collyer of this Court. These include: the January 9, 2007 wiretap on Suggs's cellular phone, which was extended on February 7, 2007, and on March 9, 2007; the February 9, 2007 wiretap on Lonnell Glover's cellular phone, which was extended on March 9, 2007, April 5, 2007, and May 4, 2007; the March 19, 2007 bug of Lonnell Glover's truck, which was extended on April 19, 2007; and the April 30, 2007 wiretap on Velma Williams's cellular phone.[1] These orders collectively resulted in the interception of 26,444

---

[1] Lonnell Glover and Velma Williams are both charged in the related indictment in 07-153, *United States v. Lonnell Glover*.

2

separate activations and 21,183 completed calls.[2]

## ANALYSIS

Defendant argues that the evidence resulting from the bug of Glover's truck should be suppressed because the government failed to demonstrate that these interceptions were necessary.[3] He argues that the government's application for the truck bug did not accurately inform Judge Collyer as to the extent of the existing wiretaps because it failed to note that they had been extended on March 9, 2007. (Def.'s Mot. 10.) He further contends that "the purported purposes or goals of the Truck Bug were no more likely to be accomplished by the Truck Bug than by the Glover cellular telephone wiretap already in place." (Id.)

The Wiretap Act permits a district court to authorize a wiretap upon finding that

> (1) probable cause exists to believe that an individual has committed or is about to commit one of the certain enumerated offenses; (2) probable cause exists to believe that "particular communications concerning the offense" will be obtained through an interception; (3) "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried"; and (4) probable cause exists to believe that the communication facility sought to be wiretapped "[is] being used, or [is] about to be used, in connection with the commission of [the] offense."

*United States v. Carter*, 449 F.3d 1287, 1292 (D.C. Cir. 2006) (quoting 18 U.S.C. § 2518(3)(a-d)).[4]

---

[2] The Court has previously upheld the interception of Suggs's cellular phone. *See United States v. Suggs*, -- F.Supp.2d --, 2008 WL 151266, at *7 (D.D.C. Jan. 16, 2008).

[3] Defendant argues, and the government does not contest, that as party to the intercepted communications, he has standing under the Wiretap Act to move to suppress the evidence resulting from the truck bug. (Def.'s Mot. 7.) *See* 18 U.S.C. §2518(10)(a) (authorizing any "aggrieved person" to "move to suppress the contents of any wire or oral communication intercepted pursuant to" the Act).

[4] Somewhat confusingly, defendant purports to incorporate by reference all the prior arguments challenging the existence of probable cause that were made in the motion to suppress

"The finding that 'normal investigative procedures have been tried and failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous,' is referred to as the 'necessity requirement.'" *Id.* (quoting *United States v. Williams*, 580 F.2d 578, 587-88 (D.C. Cir. 1978) (internal citation omitted). Congress created the necessity requirement to ensure that "wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Kahn*, 415 U.S. 143, 153 n. 12 (1974). Thus, the Court must "give close scrutiny" to a contested wiretap application and "reject generalized and conclusory statements that other investigative procedures would prove unsuccessful." *Williams*, 580 F.2d at 588. Since the "statutory command was not designed to foreclose electronic surveillance until every other imaginable statement method of investigation has been unsuccessfully attempted, the government will meet its burden of demonstrating necessity if its shows that other techniques are impracticable under the circumstances and that it would be unreasonable to require pursuit of those avenues of investigation." *Carter*, 449 F.3d at 1293. The necessity determination made by the issuing judge is reviewed only for abuse of discretion. *See United States v. Sabamowo*, 892 F.2d 90, 93 (D.C. Cir. 1989).

Applying this standard, the Court concludes that the government has met its burden of demonstrating necessity for the truck bug. First, although defendant is correct that the application neglected to mention the March 9, 2007 extensions, the affidavit submitted to Judge Collyer in

---

the Suggs cellular telephone wiretap and its extensions. (Def.'s Mot. 10.) However, in that motion defendants conceded that law enforcement had probable cause for the telephone wiretap and challenged only the necessity of the extensions and the sufficiency of the minimization efforts by law enforcement. *See Suggs*, 2008 WL 151266, at *3. The Court therefore must conclude that defendant concedes that law enforcement had probable cause for the truck bug as well.

4

support of the truck bug application accurately referenced the existing wiretap surveillance in the ongoing investigation. The certified version of the affidavit specifically incorporates by reference the previous affidavits of January 7, 2007, February 7, 2007, and March 9, 2007. (*See* Affidavit in Support of an Application for Authority to Intercept Oral Communications ["Truck Bug Aff."] ¶ 12.) Moreover, the affidavit outlines at length the conversations intercepted over Glover's telephone through March 14, 2007. (*See id.* ¶¶ 16-43.) Given the detailed and extensive discussion of the investigation in the affidavit and the fact that Judge Collyer was the issuing judge on all of the orders and was therefore aware of the March 9 extensions (*see* Govt Opp'n 6), the lack of mention in the application was not material to Judge Collyer's finding of necessity.

Additionally, defendant's contention that the truck bug was unnecessary because the existing wiretaps of the cellular phones of Suggs and Glover were productive lacks merit. The necessity requirement was created to ensure that wiretapping would not be used when traditional investigative techniques would suffice -- it was "not meant to work as an impediment to making a good case better, or a strong case airtight." *United States v. Jones*, 451 F.Supp.2d 71, 83 (D.D.C. 2006). Therefore, the fact that the cellular phone wiretaps were fruitful does not preclude a finding that the truck bug was necessary. The supporting affidavit explains in detail why law enforcement believed the truck bug would provide evidence that could not be gathered through traditional investigative techniques or through the cellular telephone wiretaps.

From the telephone wiretaps on Glover's phone and from visual surveillance, law enforcement learned that Glover regularly met with his co-conspirators in or around his pickup truck to discuss their narcotics trafficking activity or to hand over drugs or money. (Truck Bug Aff. ¶ 31 (Henry Brown *a.k.a.* H.B.); ¶ 40 (Velma Williams, *a.k.a.* Mother); ¶ 42 (Christian Donaldson); ¶ 43

(Suggs).) Law enforcement expected that intercepting the conversations in and around the truck would provide information as to how Glover and his co-conspirators stored and distributed their narcotics supply that would allow for the successful execution of search warrants. (*Id.* ¶ 54.) This information could not be obtained through the phone wiretaps because Suggs and Glover were aware of the possibility of surveillance and conducted only limited, coded discussions of their activities over the cell phones. (*Id.* ¶ 52.) Law enforcement also believed that intercepting the conversations in the truck would permit identification of Glover's suppliers and customers. From the telephone wiretaps, law enforcement was able to discover that Glover held most of his meetings at pre-arranged locations to avoid surveillance (*id.*), and that he and his associates were very surveillance conscious. (Id. ¶¶ 24, 51.) Therefore, the possibility of learning about Glover's meetings from the intercepted calls was unlikely and attempting to follow him continuously was impracticable, likely to arouse his suspicion, and potentially disruptive of the investigation. (*Id.* ¶ 51.) Because law enforcement had determined that Glover was unlikely to share information about his suppliers and customers over his cell phone (*id.* ¶ 46) or with a cooperating witness (*id.* ¶ 49), the truck bug was necessary in order to determine the scope of the conspiracy and to fully understand its operation.

After reviewing the application and the accompanying affidavit, the Court concludes that the government has met its burden of demonstrating why other techniques were impracticable under the circumstances of this investigation and of showing why the truck bug was a necessary supplement to the ongoing cellular phone wiretaps. The Court therefore finds that Judge Collyer did not abuse her discretion in authorizing the truck bug.

## CONCLUSION

For the reasons stated herein, defendant Suggs's motion to suppress the truck bug

evidence is DENIED.

*Ellen S Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   February 5, 2008