## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | **Criminal No. 07-0152-01 (ESH)** |
| ) | |
| **ANTHONY SUGGS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court is defendant Anthony Suggs' Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i).  (*See* Def.'s Mot., ECF No. 434.)  Defendant seeks release because he has medical conditions that put him at increased risk of serious complications or death should he contract COVID-19.  For the reasons stated herein, the motion will be granted.

## BACKGROUND

In 2008, after a jury trial, defendant was convicted of one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of phencyclidine ("PCP"), in violation of 21 U.S.C. § 846, and one count of unlawful possession with intent to distribute one kilogram or more of PCP and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iv).  (Judgment, Aug. 11, 2008, ECF No. 281.)  He was sentenced to 240 months imprisonment, the statutory mandatory minimum, and 10 years of supervised release.  (*Id.*)  He is currently incarcerated at FCI Cumberland, and his projected release date is July 3, 2024.  *See* https://www.bop.gov/inmateloc/ (accessed Sept. 22, 2020).

On May 8, 2020, defendant filed a request for reduction in sentence and/or release to home confinement with the warden of FCI Cumberland.  (Mot. at 3.)  The request was denied on May 27, 2020.  (*Id*.)

On July 28, 2020, defendant filed his motion for compassionate release.  The government filed an opposition on August 20, 2020 (ECF No. 441), and defendant filed a reply on September 7, 2020 (ECF No. 451).

## ANALYSIS

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  As amended by the First Step Act of 2018, § 3582(c)(1) provides that:

> The court may not modify a term of imprisonment once it has been imposed except that . . .
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. 3582(c)(1).[1]  Thus, to grant a motion for compassionate release filed by a defendant, a court must find that: (1) the defendant has either exhausted his administrative remedies within the BOP or waited thirty days after submitting a request to the BOP that it file a motion on his

---

[1] Prior to the First Step Act, motions for compassionate release could only be brought by the Director of the Bureau of Prisons ("BOP").  *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("Increasing the Use and Transparency of Compassionate Release").

behalf, or that these requirements are excused; (2) there are "extraordinary and compelling reasons" to reduce the defendant's sentence; and (3) a sentence reduction is warranted after "considering the factors set forth in section 3553(a)."  *See* 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute, and the Court agrees, that defendant satisfies the first two requirements for compassionate release.  First, more than 30 days have passed since May 8, 2020, when defendant made a request to the warden of FCI Cumberland that a motion for compassionate release be made on his behalf.  Second, defendant has a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," *see* USSG 1B1.13, cmt. n.1(A), because he has a medical condition – diabetes and hypertension/high blood pressure – that the CDC has recognized puts him at an increased risk of serious complication or death should he contract COVID-19.

The only remaining question is whether, after considering the § 3553(a) factors, the Court concludes that a sentence reduction is warranted.  Section 3553(a) provides that in determining an appropriate sentence, a court must take into account "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as, *inter alia*, afford adequate deterrence, provide just punishment, and protect the public.  *See id.* § 3553(a)(1)-(2). Moreover, a sentence must be "sufficient, but not greater than necessary," to promote these goals.  *See id.* § 3553(a).  Having considered the § 3553(a) factors, the Court concludes that a sentence reduction is warranted.

According to the government, the "'nature and circumstances of the offense and the history and characteristics of the defendant' and 'the need for the sentence imposed to reflect the seriousness of the offense . . .  [and] to afford adequate deterrence to criminal conduct' both

weigh heavily against the defendant" because of the nature of the offense – a drug crime; the fact that the defendant was on supervised release in another narcotics case at the time he committed this offense; and his criminal history.  (Opp. at 18 (quoting 18 U.S.C. § 3553(a)(1)-(2).)  The Court does not view the record in the same light.  While the facts pointed out by the government support imposition of a lengthy sentence, defendant has been incarcerated since 2007 and has thus already served a substantial amount of time in prison.  Indeed, even at the time the Court sentenced defendant it noted that but for the statutory mandatory minimum, it would not have been inclined to impose such a lengthy sentence.  (Sent. Hr'g Tr. at 27-28 ("I just find these mandatory drug statutes unbelievably draconian.")  In addition, defendant's criminal conduct, in this case and in prior cases, has never involved violence, a fact the Court noted in 2008 when it expressed its dismay at the length of sentence it was required to impose.  (*Id.*)  Beyond that, defendant is now 53 years old and, as the government acknowledges, he has "taken advantage of courses and programs during his years of incarceration and his disciplinary history at BOP is relatively minor."  (Opp. at 19.)  Finally, defendant has a release plan that has been reviewed and approved by the United States Probation Office.  Taking all the above into consideration, the Court does not agree that additional time in prison is necessary to achieve any of the goals of sentencing.

In addition, notwithstanding BOP's efforts to control the spread of COVID-19 within its institutions, it "cannot seriously be disputed" that an individual is better able to control his risk of contracting COVID-19 outside of prison and that reducing the overall prison population is an important mitigation strategy for those who remain incarcerated.  *See United States v. Powell*, No. 05-cr-0061, 2020 WL 4578682, at *4 (D.D.C. June 18, 2020); *United States v. Glover*, No. 07-cr-0152-4, 2020 WL 4923635, at *3 (D.D.C. Aug. 21, 2020).  Even at institutions where there

are few reported cases to date,[2] that may be only due to the lack of widespread comprehensive testing, which means that there is the potential for an undetected breakout. *See, e.g.*, *United States v. Brown*, No. 92-cr-0345, slip op. at 10 (D.D.C. July 2, 2020), ECF No. 93 ("wait and see strategy could prove too late [the need] to take preventative action"); *United States v. Dunlap*, No. 17-cr-207, 2020 WL 5231359, at *3 (D.D.C. Sept. 2, 2020) ("low number of reported cases might well be attributable to the fact that [BOP] has not implemented widespread testing for the virus" and thus "changes nothing about the inherent risks posed by carceral settings to vulnerable inmates"); *United States v. Croft*, No. 95-cr-496-1, 2020 WL 3871313, at *2 (E.D. Pa. July 9, 2020) (in the absence of a comprehensive testing protocol, "we cannot be certain of the true spread of infection at the prison"). At FCI Cumberland, for example, where defendant is being detained, only 226 out of 1081 inmates have been tested. *See* https://www.bop.gov/coronavirus/ (accessed on Sept. 22, 2020).

Accordingly, the Court finds that extraordinary and compelling reasons warrant a sentence reduction in this case.

## CONCLUSION

For the reasons stated above, the Court will grant defendant's motion for compassionate release and reduce his previously imposed sentence of 180 months imprisonment to time served. In addition, the Court will modify the conditions of supervised release to include a three month period of home detention, with location monitoring at the discretion of the Probation Office. A

---

[2] As of September 22, 2020, FCI Cumberland is reporting 0 current cases among inmates, 7 inmate recoveries, and 6 staff recoveries. *See* https://www.bop.gov/coronavirus/ (accessed on Sept. 22, 2020).

separate Order accompanies this Memorandum Opinion.



ELLEN S. HUVELLE
United States District Judge

Date: September 29, 2020